LARNED *et al.*, plaintiffs in error, *vs.* WILCOX *et al.*, executors of J. A. Van Dyke, deceased, defendants in error.

In suits commenced by declaration, the certificate of service may be endorsed on the original declaration, or a copy. In either case, the record would be perfect in that respect.

Where the plaintiff dies during the pendency of the suit, it may be revived in the name of his representatives, by suggesting the death on the record, and entering an order authorizing them to prosecute the suit in their representative capacity. The suggestion cannot be the subject of an issue; and, whether the defendant is entitled to any notice, is a question that can only be raised on application to the Court below to set aside the judgment for irregularity.

Error to Wayne Circuit Court.

The record in this cause showed a suit commenced by declaration, and a judgment obtained by default. It appeared by the record, that the certificate of service of the declaration was endorsed on the original on file. The suit was commenced in the name of James A. Van Dyke, and there was a suggestion of his death on the 7th of May, 1855, and after the commencement of the suit, and an order authorizing the plaintiffs below, in their representative capacity, to prosecute the suit. Judgment was rendered for the plaintiffs below, upon which defendants sued out a writ of error to this Court.

*Lockwood & Clarke*, for plaintiffs in error, contended: *First*. That it should affirmatively appear that the statute which authorizes the commencement of suits by declaration, has been substantially complied with, and that the Court has obtained jurisdiction of the persons of the defendants.

Here the certificate of service was on the original on file. It must be assumed that it was on when filed (for the contrary implies a misfeasnce in the clerk), and, therefore, either the declaration was served before the rule to plead was entered, or there is no proof of service of the declaration. The order pointed out by statute is :

1. Filing the declaration and entering the rule.

2. Serving declaration and notice of rule.

3. Proving the service and entering the default, and then only can "the same proceedings be had against such defendant, in all respects, as if he had appeared."

*Second.* At common law, suits could only be revived in the name of the executor, by *scire facias.* Our statute provides a revival by suggestion entered on the record. It was not the design, by this change of the common law course, to deprive a party of rights which the former process would give him. The Revised Statutes provide that where executors proceed by *scire facias*, "they shall make *profert* of their letters testamentary." (*P.* 589, § 13.) So also, " Whenever a suggestion shall be made upon the record, or in any stage of the proceedings, in any cause which the adverse party shall have a right to controvert, a copy of such suggestion shall be served in the same manner as other pleadings," etc. In this case, new parties are introduced on the record. If they be not executors, as they describe themselves, the judgment is a gross fraud. Whether this be so or not, is a fact which the defendants below were entitled to controvert.

*Wilcox & Gray*, for defendauts in error.

By the Court, JOHNSON, J.

Error to the Wayne Circuit Court ; action, debt ; and judgment by default against all the defendants in the Court below, who are plaintiffs in error.

The first error assigned and insisted upon by plaintiffs, is that there is no proof of service of declaration on any of the defendants, except an entry on the back of the original declaration on file in this cause.

There is no error in this. The record shows service of copies of declaration and notice of rule to plead, on all the defendants. It is of no consequence whether the certificate of service be entered on the original declaration, or on a copy ; in either case, the record is perfect in that respect.

The remaining error relied on is, that the record shows that the suit was commenced in the name of James A. Van Dyke, and that he died on the 7th of May, 1855, and no authority appears for reviving the suit in the name of the present plaintiffs.

It is provided, in Section 1, Chapter 101, of the Revised Statutes, that if a sole plaintiff or defendant dies during the pendency of a suit, the same may be prosecuted or defended by his executor or Administrator.

It is provided, in Section 2 of the same Chapter, that "the death of the party shall be suggested on the record, and his executor or Administrator may thereupon appear and take upon himself the prosecution or defence of the suit, as the case may be, and it shall be thenceforth conducted in the same manner as if it had been originally commenced by or against the same executor or Administrator."

The case shows, that the death of the original plaintiff was suggested on the record, and that an order was entered authorizing the present plaintiffs, in their representative capacity, to prosecute the suit ; the suggestion in this case is not the subject of an issue, and whether the defendants below were entitled to notice, is a question that cannot be raised in this form.

The notice would constitute no part of the record, and if they were entitled to notice and none was served, their proper

mode of relief would be, by application to the Court below to set aside the judgment for irregularity.

The judgment below must be affirmed, with costs.

Present, JOHNSON, MARTIN, WING, BACON, COPELAND, and GREEN, J. J.

DOUGLASS, J., having decided the cause below, did not participate.